USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/27/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAFINIS FILHO, RAQUEL ERNEST and
CHANTEL LYNCH on behalf of themselves
and others similarly situated,

               Plaintiffs,

      -against-

OTG MANAGEMENT, LLC,

           Defendant.

Civil Action No. 19-cv-08287

**STIPULATED
CONFIDENTIALITY
ORDER**

**SARAH NETBURN, United States Magistrate Judge.**

        WHEREAS, Plaintiffs, Opt-in Plaintiffs, and Defendant to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of  Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

        WHEREAS, the Parties, through counsel, agree to the following terms; and WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action; and

        IT IS HEREBY ORDERED that all persons subject to this Order—including, without limitation, the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, and all third parties providing discovery in this action, and all other interested persons with actual notice of this Order—will adhere to the following terms, upon pain of contempt:

        1.     With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as

"Confidential" or "Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Discovery Material to anyone else except as this Order expressly permits.

2.      The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as "Confidential" only the portion of such material the public disclosure of which is either restricted by law or which the person producing reasonably believes in good faith will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is used. Such Discovery Material includes, but is not limited to:

(a)     previously non-disclosed financial information (including without limitation reports reflecting customer tips, financial data regarding sales and profitability and internal payroll records that are not distributed to employees and are kept for internal business strategy purposes);

(b)     previously non-disclosed material relating to ownership or control of any non-public company;

(c)     previously non-disclosed business plans, strategies, and policies;

(d)     any information of a personal or intimate nature regarding any individual (including personnel files and tax documents); or

(e)     any other category of information this Court subsequently affords confidential status.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing

2

for future public use another copy of said Discovery Material with the confidential information redacted.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter shall mark that page of the deposition as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after counsel's receipt of the deposition transcript, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the 30-day review period, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.      If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, unless challenged by the non-Producing Party, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a)     the Parties to this action, their insurers, and counsel to their insurers;

(b)     counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c)     outside vendors or service providers (such as copy-service providers and management consultants) that counsel hire and assign to this matter;

(d)     any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)     as to any document, its author, its addressee, and any other personindicated on the face of the document as having authored or received a copy;

(f)     any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action regarding the content of the Confidential and/or AEO information, provided counsel for the party seeking testimony regarding the content of the Confidential and/or AEO information confirms that such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)     any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement inthe form annexed as an Exhibit hereto;

(h)     stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i)     this Court, including any appellate court, its support personnel, and court reporters.

8.      Any Party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any Party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only Discovery Material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY — SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only").

9.      Material produced and marked as Attorneys' Eyes Only may be disclosed only to counsel for the receiving party and their administrative personnel, to outside experts or consultants retained by outside counsel for purposes of this case provided they have signed a non-disclosure agreement (as detailed below), to the Court, as to any document, its author, its addressee, and any other person indicated on the face of the document as having authored or received a copy, and to such other persons as counsel for the producing party agrees in advance or as Ordered by the Court.

10.     Before disclosing any Confidential or Attorneys' Eyes Only Discovery Material, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms.  Said counsel must retain each signed Non-Disclosure Agreement, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at theconclusion of the case, whichever comes first.

5

11.     In accordance with Section III(d) of this Court's Individual Practices which require a Letter Motion to be filed in support of any documents filed under seal, any party filing documents designated as confidential pursuant to this Agreement by another party shall work jointly with the other party to jointly file a Letter Motion that is in all respects compliant with Section III(d) of this Court's procedures.  If the non-producing party challenges the designation of documents as Confidential or Attorneys' Eyes Only, or the Court requires any further showing that sealing the documents is appropriate, the producing party will bear the burden of demonstrating that the information should remain so designated.  The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 120 (2d Cir. 2006).

12.     The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential or Attorneys' Eyes Only and submitted to the Court in connection with any motion, application, or proceeding that may result in an Order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Attorneys' Eyes Only.

13.     In filing Confidential or Attorneys' Eyes Only Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Attorneys' Eyes Only Discovery Material (a "Confidential Court Submission"), the Parties shall publicly file a redacted copy of theConfidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal

6

with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

14.     Any Party who objects to any designation of confidentiality may at anytime before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordancewith paragraph 4(E) of this Court's Individual Practices.

15.     Recipients of Confidential or Attorneys' Eyes Only Discovery Material under this Order may use  such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

16.     Nothing in this Order will prevent any Party from producing any Confidential or Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17.     Each person who has access to Discovery Material designated as Confidential or Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential or Attorneys' Eyes Only Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon written consent of the Producing Party, destroy such material—including all copies thereof.  Nothing in this Order shall require a requesting party to manually edit or update any production deliverables.  Should a Designating Party request that specific entries or components of a production deliverable be destroyed, it must first provide a replacement production that removed such entries and components.  In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Attorneys' Eyes Only Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Attorneys' Eyes Only Discovery Material. Any such archival copies that contain or constitute Confidential or Attorneys' Eyes Only Discovery Material remain subject to this Order.

19. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential or Attorneys' Eyes Only Discovery Material is produced or disclosed.

20. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

_/s/ Molly Brooks_                          _/s/ Lawrence J. Del Rossi_
Molly Brooks                                Lawrence J. Del Rossi
Outten & Golden, LLP                        Faegre Drinker Biddle & Reath LLP
685 Third Ave.,                             1177 Avenue of the Americas
25th Floor                                  41st Floor
New York City, NY 10017                     New York City, NY 10036
_Counsel for Plaintiffs, Collective_        _Counsel for Defendant_
_Members and Putative Class_
_Members_

Dated:  9/24/2021                           Dated:  9/23/2021

---

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated: September 27, 2021
        New York, New York

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAFINIS FILHO, RAQUEL ERNEST and
CHANTEL LYNCH on behalf of themselves
and others similarly situated,

        Plaintiffs,

        -against-

OTG MANAGEMENT, LLC,

        Defendant.

**NON DISCLOSURE
AGREEMENT**

Civil Action No. 19-cv-08287

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Attorneys' Eyes Only and/or Confidential. I agree that I will not disclose such Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Dated: