Case 1:19-cv-08287-SN   Document 174   Filed 01/09/24   Page 1 of 7

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/2024

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAFINIS FILHO, RAQUEL ERNEST and CHANTEL LYNCH on behalf of themselves and all others similarly situated,<br><br>      **Plaintiffs,**<br><br> -against-<br><br>OTG Management, LLC,<br><br>      **Defendant.** | Case No. 19-CV-8287 (SN) |

**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF SERVICE AWARDS AND CLASS COUNSEL'S FEES AND COSTS**

Upon review and consideration of Plaintiffs' Unopposed Motion for Final Approval of Class and Collective Action Settlement and Plaintiffs' Unopposed Motion for Approval of Service Awards and Class Counsel's Fees and Costs, including the memoranda, declarations, exhibits, and other papers attached thereto ("Motions for Final Approval"), the Court grants final approval of the settlement memorialized in the Settlement Agreement and "so orders" all of its terms incorporated herein.  Accordingly, it is **HEREBY ORDERED, ADJUDGED** and **DECREED** as follows:

  **1.**  **Jurisdiction.** This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation, including all Participating Class Members, as defined below.

  **2.**  **Settlement.** Plaintiffs Dafinis Filho, Raquel Ernest, and Chantel Lynch ("Plaintiffs" or "Named Plaintiffs"), on behalf of themselves and all Participating Class Members, and Defendant OTG Management, LLC ("Defendant" or "OTG") (collectively, the "Parties"), have negotiated a settlement of this action (the "Action") to avoid the uncertainties and burden of

protracted litigation, and to resolve any and all claims being released by the Settlement Agreement.

3. **Review**. The Court has carefully reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter and has heard argument by the parties at the Fairness Hearing. The terms and conditions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and, unless otherwise indicated, capitalized terms in this Order shall have the meanings attributed to them in the Settlement Agreement.

4. **Final Approval.** The Settlement Agreement entered into by and among the Parties is procedurally and substantively fair, reasonable, and adequate, and is not the product of collusion. *See* Fed. R. Civ. P. 23(e); *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 462-63 (2d Cir. 1974). The relief is significant and meaningful, especially when weighed against the risks of ongoing litigation. Among other factors, the Court has considered the strengths and weaknesses of Plaintiffs' case versus the benefits of the Settlement; the monetary recovery; the method of distribution and the treatment of Class Members; the likely complexity, length, and expense of further litigation; the lack of opposition to the Settlement among the Participating Class Members; the opinion of competent counsel; the arm's-length negotiations entered into with the assistance of a mediator; the amount of discovery undertaken; and the other terms of the settlement.

5. The Class consists of:

   (a) **Opt-Out Class Members** includes Federal 216(b) Claimants, Rule 23 New York Class Members, and Rule 23 New Jersey Class Members.

   (i) **Federal 216(b) Claimants** includes all current and former Tipped Workers employed by a Defendant Entity at LaGuardia Airport, John F. Kennedy Airport, and/or Newark Liberty Airport any time between September 6, 2016 to February 1, 2023, and who filed a Consent to Join the FLSA collective.

   (ii) **Rule 23 New York Class Members** are all current and former Tipped Workers employed by a Defendant Entity at LaGuardia Airport and/or John F. Kennedy Airport any time between September 6, 2013 to

        February 1, 2023, and who meet any one of the following criteria: (a) did not sign an arbitration agreement with Defendant; (b) signed a retainer agreement with Plaintiffs' Counsel to bring their claims in arbitration; or (c) are Federal 216(b) Claimants.

        (iii) **Rule 23 New Jersey Class Members** are all current and former tipped workers employed by a Defendant Entity at Newark Liberty Airport any time between September 6, 2013 to February 1, 2023, and who meet any one of the following criteria: (a) did not sign an arbitration agreement with Defendant; (b) signed a Retainer agreement with Plaintiffs' Counsel to bring their claims in arbitration; or (c) are Federal 216(b) Claimants.

        (iv) **Opt-In Class Members** includes all current and former Tipped Workers employed by a Defendant Entity at LaGuardia Airport, John F. Kennedy Airport, and/or Newark Liberty Airport any time between September 6, 2013 to February 1, 2023, and (a) who did not file a Consent to Join the FLSA collective; or (b) who signed an arbitration agreement with OTG and have not signed a retainer agreement with Plaintiffs' Counsel to bring their claims in arbitration.

Settlement Agreement § 1.3.

    **6.**     **Final Certification of Settlement Class.** The Court makes the following determinations as to certification of the Class for settlement purposes only:

    (a)     The Court finally certifies the Class under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3).

    (b)     The Class is so numerous that joinder of all members is impracticable;

    (c)     There are questions of law or fact common to the members of the Class;

    (d)     The claims of Plaintiffs are typical of the claims of the other members of the Class;

    (e)     Plaintiffs are capable of fairly and adequately protecting the interests of the members of the Class, in connection with the Settlement Agreement;

    (f)     Common questions of law and fact predominate over questions affecting only individual members of the Class;

    (g)     The Class is ascertainable;

    (h)     Resolution of the claims in this Action by way of settlement is superior to other available methods for the fair and efficient resolution of the claims

of the Class.

7. **Confirmation of Class Representatives.**  Plaintiffs Filho, Ernest, and Lynch are confirmed as representative of the Class for the sole purpose of seeking a settlement of the Action.

8. **Confirmation of Class Counsel.**  Outten & Golden LLP ("O&G) is confirmed as Class Counsel for the sole purpose of seeking a settlement of the Action.

9. **Class Notice.**  The Court finds that the notice effectuated was the best practicable notice under the circumstances, and was accomplished in all material respects, as set forth in Plaintiffs' papers.  The distribution of the notice fully met the requirements of Rule 23 and satisfied the requirements of constitutional due process and any other applicable law.

10. **Releases**.  By operation of this Order, as set forth in the Settlement Agreement, the Court hereby incorporates the terms of the Releases:

   (a) Each individual Federal 216(b) Claimant who did not submit a timely and valid Opt-Out Statement forever and fully releases the Releasees from the Released Federal 216(b) Claims and, depending on their work location for a Defendant Entity, either Released New York Claims, Released New Jersey Claims, or both;

   (b) Each individual Rule 23 New York Class Member who did not submit a timely and valid Opt-Out Statement forever and fully releases the Releasees from the Released New York Claims;

   (c) Each individual Rule 23 New Jersey Class Member who did not submit a timely and valid Opt-Out Statement forever and fully releases the Releasees from the Released New Jersey Claims;

   (d) Each Opt-In Class Member who submitted a timely Claim Form forever and fully releases the Releasees from the Released Federal 216(b) Claims and, depending on their work location for a Defendant Entity, either Released New York Claims, Released New Jersey Claims, or both;

   (e) By operation of cashing, depositing, or otherwise negotiating a Settlement Check, except as to such rights and claims as may be created by this Agreement, Rule 23 New York Class Members and Rule 23 New Jersey Class

4

      Members forever and fully release the Releasees from the Released Federal 216(b) Claims.

  **11.**  **Fair Labor Standards Act Settlement.** The Court finds that the Parties' settlement of the Fair Labor Standards Act claims in this Action is a fair, reasonable, and adequate resolution of a bona fide dispute, and is hereby approved.

  **12.**  **Service Awards.** The Court finds that service awards of $12,000 each to the Named Plaintiffs are reasonable.  Service awards are common in class action cases and serve to compensate plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a named plaintiff, and any other burdens sustained by the plaintiffs.  Here, the requested service awards are reasonable and are approved.

  **13.**  **Attorneys' Fees and Expenses.** The Court awards Class Counsel $500,000.00 in fees and $34,822.70 in costs for their efforts in support of this litigation out of the Gross Settlement Amount.  Class Counsel engaged considerable resources in the prosecution of this case.  The attorneys at Outten & Golden LLP are experienced class action and employment lawyers with good reputations among the class action and employment bars and significant experience in litigating criminal history discrimination claims.  Class Counsel are nationally recognized employment class action litigators.  Although Class Counsel had no guarantee of any compensation in pursuing this case, and have worked without compensation, they achieved substantial success in settling the claims on behalf of the Class, and will continue to perform work on behalf of the Class going forward to effectuate the terms of the Settlement.

  **14.**  **Settlement Administrator.** Analytics LLC is hereby appointed to continue serving as Settlement Administrator and its fee of $30,598.00 is approved.

15. **Use of Order Following Termination of Settlement.** This Order shall be of no force and effect if the Settlement does not become Final and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability, or by or against Plaintiffs or the Class Members that their claims lack merit or that the relief requested in the Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or arguments it may have.

16. **Jurisdiction**. The Court shall retain jurisdiction over the interpretation and implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Agreement and of the Settlement contemplated thereby.

17. **Implementation.** The Court authorizes the Parties to take all necessary and appropriate steps to implement the Settlement Agreement. The parties shall abide by all terms of the Settlement Agreement. Specifically, pursuant to the Settlement Agreement, the Parties shall execute the following next steps:

   (a) No later than seven (7) days after the Effective Date, Defendant shall deposit $1,585,823.99 (the Maximum Total Settlement Amount plus $35,823.99) into the Qualified Settlement Fund ("QSF") (the "Funding Date").

   (b) Within fourteen (14) days after the Funding Date, the Settlement Administrator will making the following payments from the QSF: (1) mail Settlement Checks to Participating Class Members for their Settlement Amounts; (2) pay Class Counsel's Court-approved attorneys' fees and costs; (3) pay the Court-approved Service Awards; (4) pay the Settlement Administrator the Court-approved settlement administration fee.

   (c) Thirty (30) days after the initial mailing of the Settlement Checks, the Settlement Administrator shall send a reminder via email, text message, and U.S. mail to all Participating Class Members who have not negotiated their checks, advising them of the Check-Cashing Deadline.

18. **Dismissal with Prejudice.** Upon the fulfillment of all settlement terms, the entire Litigation will be dismissed with prejudice, and without costs, expenses or attorneys' fees to any

party except as provided in the Settlement Agreement and this Order. All Settlement Class Members who did not opt out and Plaintiffs are permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that have been released through the Settlement Agreement. The Court retains jurisdiction over the interpretation and implementation of the Settlement Agreement.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: January 9, 2024
New York, New York